# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ZORAIDA ROMERO, ) <br> ) <br> Defendant. ) <br> _____ ) | **CRIMINAL ACTION** <br><br> No. 10-10120-01-MLB |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant's motion to dismiss Counts 4 (Mail Fraud) and 5 (Aggravated Identity Theft) of the indictment. (Doc. 22). The matter has been fully briefed. (Docs. 26, 27). For the reasons stated herein, defendant's motion is denied.

**I.  FACTS**

The supposedly undisputed facts are that defendant drove to her daughter Jessica Fuentes' residence and removed a social security check from the mailbox. The check was issued to Jessica Fuentes. Defendant wrote her daughter's name on the top of the backside of the check.

Approximately two months later, on or about July 9, 2007, defendant attempted to cash the check at a Bank of America branch in Wichita, Kansas. The teller refused to cash the check, but for some unknown reason told defendant that she could endorse her own signature under Fuentes' signature and deposit the check into her own account. Defendant signed her name under Fuentes' name and deposited the check into her account.

## II. ANALYSIS

Pretrial motions in criminal cases are generally made pursuant to Federal Rule of Criminal Procedure 12, which includes alleging defects in the indictment, motions to suppress evidence, sever charges or defendants, or a motion for discovery.

> [R]ule 12 authorizes the district court to resolve before trial only those motions "that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). In a criminal case, the "general issue" is "defined as evidence relevant to the question of guilt or innocence." United States v. Yakou, 428 F.3d 241, 246 (D.C. Cir. 2005) (quotation marks omitted). Thus, the Supreme Court has instructed, Rule 12 permits pretrial resolution of a motion to dismiss the indictment only when "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." United States v. Covington, 395 U.S. 57, 60, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969); see also United States v. Knox, 396 U.S. 77, 83, 83 n. 7, 90 S.Ct. 363, 24 L.Ed.2d 275 (1969); United States v. Mandujano, 425 U.S. 564, 585 n. 1, 96 S.Ct. 1768, 48 L.Ed.2d 212 (1976) (Brennan, J., concurring). If contested facts surrounding the commission of the offense would be of any assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial.

United States v. Pope, 613 F.3d 1255, 1259 (10th Cir. 2010). Generally, claims that the government has not presented sufficient facts to meet the required elements of the crimes charged are made at the close of the government's evidence pursuant to Fed. R. Crim. P. 29 (motion for judgment of acquittal).

Defendant claims that the court may consider her motion to dismiss at this stage because the essential operative facts are undisputed and further that the allegations in the indictment do not support all the elements required under the statutes of mail fraud, 18 U.S.C. § 1341, and aggravated identity theft, 18 U.S.C. § 1028A.

The government responds that defendant's arguments regarding mail fraud are essentially factual, as opposed to legal, and are for the jury to decide. (Doc. 26 at 4). Furthermore, the parties' positions as to why defendant took the check are largely in dispute. The parties have not stipulated to any facts and more importantly the government responds that defendant has misapprehended the facts of the case. (Doc. 26 at 1).

The court cannot determine defendant's motion without consideration of the general issue of defendant's guilt as to Counts 4 and 5. Nor is defendant's motion to dismiss based on only pure questions of law. See Pope, 613 F.3d at 1260. Therefore, a dismissal under Rule 12 is inappropriate.

The court nevertheless observes that a Rule 29 motion for judgment of acquittal after the close of the government's evidence may be an appropriate time to renew her position. If defendant is correct and the court grants a judgment of acquittal on either or both Counts 4 or 5, the remainder of the government's case will look bad in the jury's eyes. But that is the government's problem.

**III. CONCLUSION**

Defendant's motion to dismiss Counts 4 and 5 (Doc. 22) is denied, without prejudice.

IT IS SO ORDERED.

Dated this  29th  day of November 2010, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE